IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA D. OLIVER,

        Plaintiff,

v.                                                                           Case No. 23-2178-JWB

UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss and memorandum in support. (Docs. 12, 13.) Plaintiff failed to timely file a response and the time for doing so has now passed. The motion is GRANTED for the reasons stated herein.

**I.    Facts**

Plaintiff Sandra Oliver is an African-American female who was previously employed by Defendant. On July 19, 2019, Plaintiff alleges that she requested to work part-time to care for her mother but her request was initially denied. (Doc. 1 at 7.) At that time, a white male employee with less seniority was granted part-time work status. Defendant later allowed Plaintiff to work part-time. On August 19, Plaintiff joined the local union. Plaintiff alleges that she was faced with retaliation, harassment, and racial discrimination after joining the union. On December 15, 2020, Plaintiff discovered a noose in her mailbox in the employee break room. Plaintiff notified the hospital police department.

Plaintiff filed a charge of discrimination against Defendant on June 21, 2021. (*Id.* at 2.) The charge indicated that Plaintiff was discriminated against on the basis of her race and sex. Plaintiff asserted that she suffered retaliation, harassment, "racial discrimination, caregiver

1

discrimination, labor law rights, human rights law, civil rights [violation], and sex discrimination." (*Id.* at 5.) The EEOC issued Plaintiff a right to sue letter on June 29, 2021. (*Id.* at 3.)

Plaintiff filed this action on April 24, 2023. Plaintiff used a form complaint indicating that she was asserting claims of discrimination under Title VII. Plaintiff also indicated that she was bringing other claims that included "human rights, civil rights, labor law, sex discrimination, and caregiver discrimination." (*Id.*)

Defendant moves to dismiss the complaint on the basis that Plaintiff failed to exhaust her claims. Alternatively, Defendant argues that Plaintiff has failed to state a claim. Plaintiff did not respond to the motion.

## II.   Standard

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.   Analysis

### A.   Title VII

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, race, or national origin.  42 U.S.C. § 2000e-2(a)(1).  Before an employee may bring suit on such a claim, the employee must exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") or the authorized state agency (in Kansas, the KHRC) identifying the parties and describing the practices complained of.  *Jones v. Needham,* 856 F.3d 1284, 1289 (10th Cir. 2017).  The EEOC or KHRC is required to give the aggrieved person notice of the disposition of the charge, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…."  42 U.S.C. §2000e-5(f)(1).  Therefore, Plaintiff must clear the following three procedural hurdles in order to have exhausted her claim: "(1) file a discrimination charge with the EEOC [or KHRC], (2) receive a right-to-sue letter [], and (3) file suit within ninety days of receiving the letter."  *Kinney v. Blue Dot Servs. of Kan*., 505 F. App'x. 812, 814 (10th Cir. 2012).

"A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC [or KHRC] charge for which the plaintiff has received a right-to-sue-letter."  *Lincoln v. BNSF Ry. Co*., 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Foster v. Ruhrpumpen, Inc*., 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted).  The court will liberally construe a plaintiff's allegations in the charge but a plaintiff's claim in court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the [agency]."  *Smith v. Cheyenne Ret. Invs. L.P*., 904 F.3d 1159, 1164 (10th Cir. 2018).  Furthermore, "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."  *Lincoln,* 900 F.3d at 1181 (citation omitted).

A failure to exhaust remedies is an affirmative defense that may be raised under Rule 12(b)(6). *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018). In deciding a Rule 12(b)(6) motion, the court ordinarily considers only the allegations of the complaint, although the court may also consider documents attached to the complaint or documents referred to in the complaint if they are central to the plaintiff's claims and the parties do not dispute their authenticity. *Smallen v. The W. Union Co.,* 950 F.3d 1297, 1305 (10th Cir. 2020).

Defendant moves to dismiss Plaintiff's discrimination claims under Title VII on the basis that she failed to file her complaint within 90 days of receiving her right-to-sue letter. This action was initially filed on April 24, 2023. Plaintiff was issued a right-to-sue letter on June 29, 2021. Therefore, Plaintiff was required to bring her claim against Defendant regarding these allegations on or before September 27, 2021. She did not do so. In her complaint, Plaintiff appears to recognize that her action is untimely and asserts that she could not serve Defendant with summons because she was ill in late October and November. (Doc. 1 at 8.) Plaintiff, however, was required to file this suit before September 27, 2021, not in late October or November. In any event, Plaintiff filed this action more than 18 months after the time period for doing so expired.

Therefore, Plaintiff's Title VII claims regarding the conduct alleged in her June 2021 charge are untimely and subject to dismissal. *Tadlock v. Marshall Cty. HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) ("If the claimant fails to file suit within 90 days, the claims alleged in the EEOC charge are foreclosed...") (citing *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1186 (10th Cir.2006)). Further, to the extent that Plaintiff is basing her claims on anything that occurred after June 21, 2021, she has failed to show that she exhausted those claims by filing a charge with the EEOC.

B.  Other Allegations

Plaintiff also indicated that she was bringing claims involving human rights, civil rights, labor law, and caregiver discrimination. (Doc. 1 at 2.) Plaintiff, however, fails to identify the nature of these claims such as citation to an applicable federal or state statute. Plaintiff's factual allegations focus on discrimination on the basis of her race and sex, which would support her claims under Title VII. To the extent that Plaintiff seeks to bring a claim under another statute or state common law, Plaintiff has failed to adequately identify the nature of her claims and/or failed to sufficiently allege facts in support of such claims. The court has no duty to construct a legal theory on Plaintiff's behalf.[1]

### IV.  Conclusion

Defendant's motion to dismiss (Doc. 12) is GRANTED.

IT IS SO ORDERED. Dated this 19th day of July 2023.

                                                            __s/ John W. Broomes_____
                                                            JOHN W. BROOMES
                                                            UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff is asserting a claim under the Kansas Public Employer-Employee Relations Act ("PERA"), K.S.A. 75-4321, the claim is subject to dismissal for failing to exhaust her administrative remedies as set forth in Defendant's brief. (Doc. 13 at 8–9.)